| | |
|---|---|
| 1 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 2 | WILLOW E. RADCLIFFE (200087)<br>100 Pine Street, Suite 2600 |
| 3 | San Francisco, CA 94111<br>Telephone: 415/288-4545 |
| 4 | 415/288-4534 (fax)<br>willowr@rgrdlaw.com |
| 5 | |
| 6 | [Proposed] Lead Counsel for Plaintiff |
| 7 | [Additional counsel appear on signature page.] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 10-cv-02604-JW(HRL)<br><br>CLASS ACTION |
| Plaintiff, | ) ) | WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF |
| vs. | ) ) | MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |
| CELERA CORPORATION, et al., | ) ) | AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS |
| Defendants. | ) ) | AND AUTHORITIES IN SUPPORT THEREOF |

DATE: September 20, 2010
TIME: 9:00 a.m.
COURTROOM: 8

575353_1

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Monday, September 20, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the Honorable James Ware, Washtenaw County Employees' Retirement System (the "Retirement System" or "Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing the Retirement System as lead plaintiff; and (2) approving the Retirement System's selection of Robbins Geller Rudman & Dowd LLP ("RGRD") as Lead Counsel for the class. This Motion is made on the grounds that the Retirement System is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, the Retirement System submits herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

This securities class action was brought on behalf of all persons who purchased or otherwise acquired the common stock of Celera Corporation ("Celera" or the "Company") between April 24, 2008 to July 22, 2009 (the "Class Period")

According to the PSLRA, the Court is to appoint as lead plaintiff the member of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, the Retirement System should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or group of persons of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* McCormick Decl., Ex. A.

575353_1

WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10-cv-02604-JW(HRL) - 1 -

In addition, the Retirement System's selection of RGRD to serve as lead counsel should be approved because RGRD possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.  SUMMARY OF THE ACTION[1]

Celera is a healthcare business that delivers personalized disease management through a combination of products and services.  During the Class Period, defendants issued false and misleading statements regarding the Company's business and financial results, repeatedly assuring investors that the Company would be able to increase the amount of its Lab Services business that was under contract, thus making its ability to collect on its receivables more predictable and less costly and time consuming.  Defendants further assured investors that the Company was adequately reserving for its bad debts.  As a result of defendants' false statements, Celera stock traded at artificially inflated prices throughout the Class Period, trading as high as $16.23 per share in September 2008.

On July 22, 2009, the Company announced that its "[s]econd quarter 2009 revenues relative to the prior year quarter [were] expected to show a reduction for the Company's Lab Services business." According to the Company, the Lab Services revenues were "adversely affected by lower than anticipated sample volume due to broad economic pressures, lost business as a result of the Company's efforts to collect aged receivables, and the denial of reimbursement on a number of legacy . . . tests by certain payors in some regions."  In addition, Celera expected to record "significant charges in the second quarter of 2009 for bad debt expense and impairment of goodwill and intangible assets." On this news, Celera's stock tumbled $1.91 per share to close at $5.83 per share on July 23, 2009, a one-day decline of nearly 25% and a 64% decline from the stock's Class Period high.

---

[1]  This factual summary is taken from the allegations in the Complaint for Violation of the Federal Securities Laws filed in *Washtenaw County Employees' Retirement System v. Celera Corp., et al.,* 5:10-cv-02604-JW, on June 14, 2010.

575353_1

WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10-cv-02604-JW(HRL)   - 2 -

According to the complaint, the true facts, which were then known by or available to the defendants during the Class Period, were: (a) Celera was not adequately reserving for its allowance for bad debts in violation of Generally Accepted Accounting Principles, causing its financial results to be materially misstated; (b) the Company had failed to maintain effective internal controls concerning its billing and collections processes; and (c) the Company could not substantially increase its Lab Services business that was under contract with third-party insurance payors and thus could not reduce its exposure to uncollectible accounts receivables.

## III.  ARGUMENT

### A.  The Retirement System Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on June 14, 2010, on *Business Wire* in connection with the filing of the first-filed action. *See* McCormick Decl., Ex. B.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

575353_1

WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10-cv-02604-JW(HRL)   - 3 -

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Retirement System meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Retirement System's Motion Is Timely

The Retirement System has timely filed this Motion within 60 days of the June 14, 2010 notice publication, and has also duly signed and filed its certification evidencing, among other things, its willingness to serve as a representative party on behalf of the class. *See* McCormick Decl., Ex. A. Accordingly, the Retirement System has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### 2. The Retirement System Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, the Retirement System has suffered a loss. *See* McCormick Decl., Ex. A. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Retirement System satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. The Retirement System Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, the Retirement System satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class

575353_1

WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10-cv-02604-JW(HRL) - 4 -

1  members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976
2  F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184
3  F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when
4  representative plaintiffs' claims arise out of the same event or course of conduct as do the other class
5  members' claims, and are based on the same legal theories).  The threshold typicality and
6  commonality requirements are not high; Rule 23(a) requires only that resolution of the common
7  questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D.
8  649, 657 (C.D. Cal. 2000).  The adequacy requirement is met if no conflicts exist between the
9  representative and class interests and the representative's attorneys are qualified, experienced and
10 generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist.
11 LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing
12 Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).
13         Here, the Retirement System meets the typicality and adequacy requirements because, like all
14 other members of the purported class, it purchased Celera common stock during the Class Period in
15 reliance upon defendants' false and misleading statements and suffered damages thereby.  Because
16 the Retirement System's claims are premised on the same legal and remedial theories and are based
17 on the same types of alleged misrepresentations and omissions as the class's claims, typicality is
18 satisfied.  *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D.
19 Cal. Jan. 5, 2004).  Additionally, the Retirement System is not subject to any unique defenses and
20 there is no evidence of any conflicts between the Retirement System and the other class members.
21        The Retirement System therefore satisfies the *prima facie* showing of the typicality and
22 adequacy requirements of Rule 23 for purposes of this Motion.
23         **B.     This Court Should Approve The Retirement System's Selection of Counsel**
24        The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to
25 this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Courts should not disturb the lead
26 plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C.
27 §78u-4(a)(3)(B)(iii)(II)(aa).
28

Here, the Retirement System has selected RGRD as lead counsel for the class. RGRD has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* McCormick Decl., Ex. C. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from RGRD as lead counsel. Because the Retirement System has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of RGRD as lead counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, the Retirement System respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of RGRD as Lead Counsel for the class.

DATED: August 13, 2010

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10-cv-02604-JW(HRL) - 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
WILLOW E. RADCLIFFE
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

575353_1

WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR APPT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10-cv-02604-JW(HRL)   - 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 13, 2010.

     s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: triciam@rgrdlaw.com

575353_1

**Mailing Information for a Case 5:10-cv-02604-JW**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Andrew Milton Farthing**
  andrew.farthing@lw.com,svdocket@lw.com

- **Catherine J. Kowalewski**
  katek@rgrdlaw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **John C. Tang**
  john.tang@lw.com,maria.solis@lw.com,svdocket@lw.com,patrick.gibbs@lw.com,jennifer.duckworth@lw.com,zoila.aurora@lw.com,andrew.farthing@lw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,travisd@rgrdlaw.com,cwood@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)