1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  WILLOW E. RADCLIFFE (200087)
   Post Montgomery Center
3  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
4  Telephone:  415/288-4545
   415/288-4534 (fax)
5  willowr@rgrdlaw.com

6  Lead Counsel for Plaintiff

7  [Additional counsel appear on signature page.]

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11  In re CELERA CORP. SEC. LITIG.        )   No. 10-cv-02604-JW(HRL)
                                          )
12  _____       )   CLASS ACTION
                                          )
    This Document Relates To:             )
13                                        )   JOINT CASE MANAGEMENT
         ALL ACTIONS.                     )   STATEMENT
14  _____       )
                                             DATE:       March 28, 2011
15                                           TIME:       10:00 a.m.
                                             JUDGE:      The Honorable James Ware
16                                           COURTROOM:  8, 4th Floor

17

18

19

20

21

22

23

24

25

26

27

28

608294_1

Lead Plaintiff Washtenaw County Employees' Retirement System ("Plaintiff") and Defendants Celera Corporation ("Celera" or the "Company"), Kathy Ordoñez ("Ordoñez"), Joel R. Jung ("Jung"), Ugo DeBlasi ("DeBlasi") and Christopher Hall (collectively, "Defendants") jointly submit this Case Management Statement in preparation for the March 28, 2011 Case Management Conference pursuant to the Court's order of November 2, 2010, Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement. As discussed herein, this action is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Pursuant to the PSLRA, discovery is not permitted during the pendency of a motion to dismiss. 15 U.S.C. 78u-4(b)(3)(B). On November 29, 2010, Defendants filed a motion to dismiss which is scheduled for oral argument on March 28, 2011. As set forth in §5. below, Plaintiff has requested and Defendants have agreed to the filing of an amended complaint and vacating the March 28, 2011 hearing date subject to the Court's approval.

**1.      Subject Matter Jurisdiction and Service**:

The Court has subject matter jurisdiction over all of Plaintiff's claims based on the existence of a federal question. All parties are subject to the Court's jurisdiction, and no parties remain to be served.

**2.      Factual and Legal Bases for Plaintiff's Claims and Defendants' Defenses**:

Plaintiff's Position

This is a securities class action brought under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10-5 promulgated thereunder, 17 C.F.R. §240.10b-5. This suit is currently brought on behalf of all purchasers of publicly traded securities of Celera common stock between April 24, 2008 and July 22, 2009 ("Class Period"). On September 23, 2010, Washtenaw County Employees' Retirement System was appointed lead Plaintiff by the Court. Plaintiff alleges that during the Class Period, Defendants perpetuated a scheme to defraud and participated in a course of business that operated as a fraud or deceit on purchasers of Celera stock. When considered in its totality, Plaintiff's Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint") properly pleads securities fraud claims against the Defendants. *South Ferry LP*

1   *v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008) ("*Tellabs* counsels us to consider the totality of

2   circumstances, rather than to develop separately rules of thumb for each type of scienter

3   allegation.").

4         Celera is a personalized disease management company that acquired a lab service company,

5   Berkeley HeartLab (BHL), approximately six months before the start of the Class Period.  The crux

6   of Plaintiff's allegations pertain to the receivables of Celera's BHL division which were impaired as

7   a result of Blue Cross/Blue Shield's decision to stop paying Celera directly for its lab services.  This

8   change occurred in early 2008, requiring Celera to seek payment for a substantial portion of its lab

9   services from individuals.  Yet, as the Complaint sets forth, Celera did not send collection letters to

10   these individuals for upwards of a year and until such time collection was virtually impossible.

11   Additionally, once Celera started collection efforts from individuals, doctors and patients no longer

12   wanted to use BHL's services and there was a corresponding significant drop in business.  Plaintiff

13   alleges that these facts rendered Defendants' Class Period statements false and misleading.

14         First, Defendants deliberately misrepresented Celera's quarterly and annual financials by

15   inadequately reserving for Celera's bad debt (*i.e.*, the uncollectible Blue Cross/Blue Shield

16   receivables) resulting in falsely reported net income, earnings per share, expenses and net accounts

17   receivable ("A/R").  Second, Defendants intentionally concealed that a significant amount of

18   Celera's BHL receivables were owed by individual patients by falsely representing that BHL's

19   revenue source was immunized from economic concerns because it was derived from Medicare and

20   large insurance carriers.  Third, Defendants falsely certified that Celera's internal controls were

21   sufficient, despite Defendants not properly reserving for known bad debt.  And fourth, Celera's

22   2009 revenue and selling, general and administrative ("SG&A") expense guidance had no reasonable

23   basis because at the time guidance was issued in February and May 2009, Defendants were aware of

24   adverse facts that undermined the guidance, including that: (i) sales numbers had dropped

25   significantly impacting the projected revenue increase; and (ii) its bad debt, as a result of the

26   impairment of Celera's lab services receivables (or A/R), would require Celera to increase its SG&A

27   expenses in 2009.

28

1    The Class Period ends on July 22, 2009, when Celera announced that it would withdraw its

2    2009 guidance and expected to record significant charges in the second quarter 2009 for bad debt

3    expense.  As a result, Celera's stock closed at $5.83 on July 23, 2009, down nearly 25% from a day

4    earlier.  On August 6, 2009, Defendants added more detail to the July 22, 2009 announcement,

5    stating that Celera would write-down more than $20 million in bad debt and increase its allowance

6    for doubtful accounts to $39.2 million, an 86% increase over the allowance reported three months

7    earlier and an increase of more than 360% over the allowance reported a year earlier.  Indeed,

8    Plaintiff's Complaint provides Defendants with "some indication of the loss and the causal

9    connection that the plaintiff has in mind."  *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

10   <u>Defendants' Position</u>

11   Defendants deny these allegations.  Plaintiff has not met its burden to plead particularized

12   facts in support of its claims as required under controlling Ninth Circuit law.  *See Zucco Partners,*

13   *LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009).  In order to survive dismissal under *Zucco*,

14   Plaintiff must plead particularized facts in "great detail," supported by reliable sources, that present a

15   cogent and compelling inference of scienter.  Plaintiff has not done so. Instead, Plaintiff cites post-

16   Class Period disclosures and financial metrics and alleges that there must have been fraud.  These

17   claims are classic "fraud by hindsight," and are legally insufficient.

18   Plaintiff's claims based on Celera's projections of future results should also be dismissed for

19   the independent reason that these forward-looking statements are protected by the Safe Harbor

20   provision of the Private Securities Litigation Reform Act of 1995.

21   All of Plaintiff's claims should also be dismissed for the additional reason that the Complaint

22   does not allege "that the practices that the plaintiff contends are fraudulent were revealed to the

23   market and caused the resulting losses."  *Metzler Inv. GMBH v. Corinthian Colleges*, 540 F.3d 1049,

24   1063 (9th Cir. 2008).  The Complaint does not allege the disclosure of any fraudulent practices

25   preceding the decline in Celera's stock prices on February 18, 2009, or July 23, 2009.

26   **3.    Legal Issues**:

27   (a)    Whether Defendants violated §§10(b) or 20(a) of the 1934 Act or Rule 10-5

28   promulgated thereunder.  *See* 15 U.S.C. §§78j(b), 78t(a) and 17 C.F.R. §240.10b-5; and

1          (b)      Whether the action may be certified as a class action.  *See* Fed. R. Civ. P. 23(a) and

2   (b)(3).

3   **4.   Motions**:

4          On August 13, 2010, Plaintiff filed a motion to be appointed lead Plaintiff and to have its

5   counsel Robbins Geller Rudman & Dowd LLP appointed lead counsel.  On September 14, 2010, the

6   Court granted Plaintiff's motion.

7          Defendants filed a motion to dismiss and request for judicial notice on November 29, 2010.

8   Dkt. Nos. 29 & 30.  Plaintiff filed an opposition to each on January 13, 2011.  Dkt. Nos. 32 & 33.

9   Defendants filed reply memoranda on February 14, 2011. Dkt. No. 34. The motion is scheduled to

10  be heard on March 28, 2011.  As set forth in §5. below, Plaintiff has requested and Defendants have

11  agreed to the filing of an amended complaint and that the March 28, 2011 hearing date be vacated,

12  subject to the Court's approval.

13         At this time, Plaintiff anticipates filing a motion for class certification.  In the event an

14  amended complaint is filed, Defendants anticipate filing a motion to dismiss.  The parties believe it

15  is premature to assess any additional motions they anticipate filing.

16  **5.   Amendment of Pleadings**:

17         Plaintiff has requested leave to amend in the event the Court finds any deficiencies in the

18  Complaint as set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss, filed on January

19  13, 2011.  Additionally, earlier today, March 18, 2011, Celera filed a Form 8-K with the SEC

20  disclosing that Celera is restating its financial statements for the period from the year ended June 30,

21  2008 through the first three quarters of the year ended December 25, 2010. The Form 8-K states that

22  the restatement is being made to correct errors related to the classification of bad debt expense and

23  the recognition of unreimbursed and uncollectible charges.  In light of this development, the parties

24  agree that it is appropriate to allow Plaintiff an opportunity to amend their Complaint rather than to

25  proceed with the currently-scheduled hearing on Defendants' motion to dismiss, set for March 28,

26  2011.  Plaintiff has requested and Defendants have agreed by separate stipulation to the filing of an

27  amended complaint.

28

**6.      Evidence Preservation**:

      The parties are aware of, and in compliance with, their document preservation obligations.

**7.      Disclosures**:

      Because this case is governed by the PSLRA and discovery in this action is accordingly stayed, the parties have not yet exchanged initial disclosures.

**8.      Discovery**:

      Because discovery in this action is stayed pursuant to the PSLRA, the parties believe it is premature to discuss matters relating to discovery.

**9.      Class Action**:

      The parties believe it is premature to determine a suitable date to consider whether the case can be maintained as a class action.  Plaintiff, however, believes a class is suitable for the following reasons:

      (a)      This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(3);

      (b)      The action is brought on behalf of a class consisting of all persons or entities who acquired shares of Celera common stock between April 24, 2008 and July 22, 2009, including acquisition of the Celera Group tracking stock, which traded on the New York Stock Exchange under the ticker CRA.  Excluded from the Class are Defendants and their family members, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest;

      (c)      The members of the Class are so numerous that joinder of all members is impracticable.  Celera has over 81 million shares of stock outstanding, owned by hundreds if not thousands of persons;

      (d)      There are questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members including:

- whether the 1934 Act was violated by Defendants;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the finances, business, operations and management of Celera;

- whether statements made by Defendants omitted material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading;

- whether the price of Celera stock was artificially inflated; and

- to what extent the members of the Class have sustained damages and the proper measure of damages.

(e)     Lead Plaintiff's claims are typical of those of the Class because lead Plaintiff and the Class sustained damages from Defendants' wrongful conduct;

(f)     Lead Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation.  Lead Plaintiff has no interests which conflict with those of the Class;

(g)     A class action will achieve economies of time, effort and expense and provide uniformity of decision to the similarly situated members of the Class without sacrificing procedural fairness or bringing about other undesirable results.  Class members have not indicated an interest in prosecuting separate actions as none have been filed.  The number of Class members and the relatively small amounts at stake for individual Class members make separate suits impracticable. No difficulties are likely to be encountered in the management of this action as a class action; and

(h)     In addition, a class action is superior to other methods of fairly and efficiently adjudicating this controversy because the questions of law and fact common to the Class predominate over any questions affecting only individual Class members.  Although individual Class members have suffered disparate damages, the fraudulent scheme alleged and the misrepresentations and omissions causing damages are common to all Class members.  Further, there are no individual issues of reliance that could make this action unsuited for treatment as a class action.

**10.     Related Cases**:

There is a derivative action before this Court styled *In re Celera Corp. Derivative Litig.*, No. CV 10-02935 JW.  Defendants in the derivative action (Ordoñez, Jung, DeBlasi, Richard A. Ayers, Jean-Luc Belingard, William G. Green, Peter Barton Hutt, Gail K. Naughton, Wayne I. Roe and Bennett M. Shapiro) and nominal Defendant Celera filed motions to dismiss on January 18, 2011. The Court is scheduled to hear argument on the motions to dismiss on April 11, 2011.

**11.    Relief**:

Plaintiff seeks monetary damages.  The amount of damages sought shall be calculated by an expert and disclosed consistent with the requirements of Fed. R. Civ. P. 26 after discovery commences.  Defendants deny that Plaintiff suffered any damages.

**12.    Settlement and ADR**:

Until any motion to dismiss filed by Defendants is ruled upon and the parties have the opportunity to conduct discovery, the parties believe ADR is premature.

**13.    Consent to Magistrate Judge for All Purposes**:

The parties do not consent to have a magistrate judge conduct all further proceedings.

**14.    Other References**:

The parties believe this case is not suitable for other references at this time.

**15.    Narrowing of Issues**:

At this juncture, the parties have no issues that can be narrowed by agreement or additional motion practice.  Once the Court rules on any motion to dismiss, the parties will consider whether there are any issues that can be narrowed by agreement or motion.

**16.    Expedited Schedule**:

The parties do not believe this case should be expedited.

**17.    Scheduling**:

Currently, Defendants' motion to dismiss is scheduled to be heard on March 28, 2011 and as set forth in §5., Plaintiff has requested and Defendants have agreed to the filing of an amended complaint.  Until such time as the Court rules on any motion to dismiss, the parties believe that it is premature to propose dates for designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference and trial.

**18.    Trial**:

Plaintiff requests a jury trial.  Until the Court rules on any motion to dismiss and the parties have the opportunity to conduct discovery, the parties do not have the necessary information to estimate the expected length of the trial in this complex class action.

19.     **Disclosure of Non-Party Interested Entities or Persons**:

        The parties have filed the Certifications of Interested Entities or Persons required by Civil

Local Rule 3-16.  Also, the parties confirm that the statements in their previously filed Certificates of

Interested Entities or Persons are currently accurate.

DATED:  March 18, 2011                          ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                RYAN A. LLORENS


                                                _____
                                                        s/ Ryan A. Llorens
                                                     RYAN A. LLORENS

                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)

                                                ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                                WILLOW E. RADCLIFFE
                                                Post Montgomery Center
                                                One Montgomery Street, Suite 1800
                                                San Francisco, CA  94104
                                                Telephone:  415/288-4545
                                                415/288-4534 (fax)

                                                Lead Counsel for Plaintiff Washtenaw County
                                                Employees' Retirement System

                                                VANOVERBEKE MICHAUD &
                                                   TIMMONY, P.C.
                                                MICHAEL J. VANOVERBEKE
                                                THOMAS C. MICHAUD
                                                79 Alfred Street
                                                Detroit, MI  48201
                                                Telephone:  313/578-1200
                                                313/578-1201 (fax)

                                                GLANCY BINKOW & GOLDBERG LLP
                                                LIONEL Z. GLANCY
                                                ROBERT V. PRONGAY
                                                1801 Avenue of the Stars, Suite 311
                                                Los Angeles, CA  90067
                                                Telephone:  310/201-9150
                                                310/201-9160 (fax)

                                                Additional Counsel for Plaintiff

1   DATED:  March 18, 2011                           MORRISON & FOERSTER, LLP
                                                      JORDAN ETH
2                                                     JUDSON E. LOBDELL
                                                      DANIEL J. VECCHIO
3

4
                                                      _____s/ Judson E. Lobdell_____
5                                                             JUDSON E. LOBDELL

6                                                     425 Market Street
                                                      San Francisco, CA  94105-2482
7                                                     Telephone:  415/268-7000
                                                      415/268-7522 (fax)
8
                                                      Counsel for Defendants Celera Corporation,
9                                                     Kathy Ordoñez, Joel R. Jung, Ugo DeBlasi and
                                                      Christopher Hall
10
            I, Ryan A. Llorens, am the ECF User whose ID and password are being used to file this Joint
11
    Case Management Statement.  In compliance with General Order 45, X.B., I hereby attest that
12
    Judson E. Lobdell has concurred in this filing.
13

14                                                    _____s/ Ryan A. Llorens_____
                                                             RYAN A. LLORENS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 18, 2011.

<u>  s/ Ryan A. Llorens  </u>
RYAN A. LLORENS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:ryanl@rgrdlaw.com

608294_1

## Mailing Information for a Case 5:10-cv-02604-JW

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Carlos Aguilar**
  GAguilar@robbinsumeda.com,Notice@robbinsumeda.com

- **Mark C. Gardy**
  mgardy@gardylaw.com

- **Judson Earle Lobdell**
  jlobdell@mofo.com,mblackmer@mofo.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,ryanl@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Jennifer Sarnelli**
  jsarnelli@gardylaw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J. Kowalewski
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
```