NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CELERA CORP. SEC. LITIG., | Case No. 5:10-cv-02604 EJD (HRL) |
| This Document Relates To:<br>ALL ACTIONS. | **ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br>[Re: Dkt. No. 130] |

In this action for alleged securities fraud, plaintiff Washtenaw County Employees' Retirement System sues on behalf of a putative class who reportedly suffered damages in connection with the acquisition of Celera Corporation (Celera) common stock. In September 2012, Judge Davila denied Celera's[1] motion to dismiss the Second Amended Complaint. Plaintiff and Celera then began discovery and subsequently agreed, in September 2013, to a May 2, 2014 fact discovery cutoff.

Meanwhile, in August 2013, plaintiff moved for leave to file a Third Amended Complaint (TAC) adding PricewaterhouseCoopers (PwC) as a defendant. That motion was granted on October 3, 2013, and plaintiff filed the TAC the next day. PwC has filed a motion to dismiss, which the parties say currently is set for a March 28, 2014 hearing before Judge Davila.

---

[1] This court uses the term "Celera" to refer collectively to Celera and individual defendants Kathy Ordonez, Ugo DeBlasi, Joel Jung, and Christopher Hall.

At issue in Discovery Dispute Joint Report (DDJR) No. 1 is the scope of discovery, if any, that plaintiff may pursue while PwC's motion to dismiss is pending. Plaintiff argues that the discovery stay, codified in § 78u-4(b)(3)(B) of the Private Securities Litigation Reform Act (PSLRA), does not apply to discovery propounded on Celera, notwithstanding that PwC's motion to dismiss remains pending. Specifically, plaintiff seeks an order compelling Celera to produce its former Vice President of Finance, Heather Abbis, for deposition. Additionally, plaintiff argues that, as Celera's auditor during the relevant period, PwC is obliged to respond to a third-party document subpoena that plaintiff served in October 2012, i.e., before PwC was named as a defendant and at a time when there were no pending motions to dismiss. It claims that PwC has not produced all responsive documents.

Celera and PwC contend that the PSLRA stays all discovery until PwC's motion is resolved. After PwC advised of its intent to move to dismiss the claims against it, Celera says that it told plaintiff that it would not produce any witness (including Abbis) for deposition more than once and that all depositions were subject to PwC's right to a stay under the PSLRA. As a compromise, however, Celera is willing to agree that (1) plaintiff may propound non-party discovery that does not require PwC's participation; and (2) Celera will continue to provide documentary discovery as long as that discovery (i) does not require PwC's active participation and (ii) would not subject Celera to duplicate its discovery efforts (e.g, requiring a witness to appear more than once) if PwC's motion to dismiss is denied. (See Dkt. 130, DDJR No. 1 at 10).

The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, the court finds that the PSLRA stay applies to all discovery, but will nevertheless adopt Celera's proposed compromise.

The PSLRA provides, in relevant part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

2

15 U.S.C. § 78u-4(b)(3)(B). "This section was 'intended to prevent unnecessary imposition of discovery costs on defendants.'" SG Cowen Securities Corp. v. U.S. Dist. Ct., 189 F.3d 909, 911 (9th Cir. 1999) (quoting H.R. Conf. Rep. No. 104–369, 104th Cong. 1st Sess. at 32 (1995), reprinted in 1995 U.S.C.C.A.N. Sess. 731). Another purpose of the stay is to prevent a plaintiff from using discovery to uncover facts to formulate a claim. Id. at 912 ("[T]he district court granted plaintiffs leave to conduct discovery so that they might uncover facts sufficient to satisfy the [PSLRA]'s pleading requirements. This is not a permissible reason for lifting the discovery stay under the [PSLRA].").

Plaintiff argues that where (as here) multiple defendants have brought multiple motions to dismiss, the PSLRA does not require staying discovery against defendants whose motions to dismiss were denied, even though other defendants' motions remain pending. Courts that have so held have found § 78u-4(b)(3)(B) to be ambiguous. See, e.g., In re Global Crossing, Ltd. Sec. Litig., 322 F. Supp.2d 319, 353 (S.D.N.Y. 2004); In re Lernhout & Hauspie Sec. Litig., 214 F. Supp.2d 100 (D. Mass., 2002); Latham v. Stein, No. 6:08-2995-RBH, 6:08-3183-RBH, 2010 WL 3294722 (D. S.C., Aug. 20, 2010).

Defendants point out that other courts conclude that the plain language of the PSLRA is unambiguous and requires a stay of all discovery while any defendant's motion to dismiss is pending, even if some claims are sufficiently pled as to other defendants. See, e.g., In re Finisar Crop. Derivative Litig., No. C06-07660 RMW, 2012 WL 609835 (N.D. Cal., Feb. 24, 2012); Fosbre v. Las Vegas Sands Corp., Nos. 2:10-cv-0210-KJD-GWF, 2:10-01210-KJD-GWF, 2012 WL 5879783 (D. Nev., Nov. 20, 2012); Sedona Corp. v. Ladenburg Thalmann, No. 03 Civ. 3120 LTSTHK, 2005 WL 2647945 (S.D.N.Y., Oct. 14, 2005).

On the whole this court agrees with those who find that the plain language of the PSLRA stays all discovery while any motion to dismiss is pending. Plaintiff has not convincingly demonstrated that particularized discovery is necessary to preserve evidence or to prevent undue prejudice. "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair." In re CFS-Related

3

Securities Fraud Litig., 179 F. Supp.2d 1260, 1265 (N.D. Okla. 2001). "Rather, it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence." Id. Nor have plaintiffs "demonstrated a specific instance in which the loss of evidence is imminent as opposed to merely speculative." Id.; see also SG Cowen Securities Corp., 189 F.3d at 911-12. There seems to be no serious dispute that allowing plaintiff to proceed with Abbis' deposition now will require PwC to monitor or attend the examination while its motion to dismiss is pending, or may require Celera to produce her again later if PwC's motion to dismiss is denied. PwC also points out that plaintiff's cited decisions do not stand for the proposition that discovery may proceed as to newly added defendants, such as PwC, who have not yet tested the adequacy of the allegations against it. Indeed, "a construction of the statute that would allow discovery to proceed as to non-moving defendants would be unfair to the defendants who have filed motions to dismiss because they may, as a practical matter, be required to monitor or participate in the discovery regarding the non-moving defendants before the sufficiency of the complaint against them has been determined." Fosbre, 2012 WL 5879783 at *3 (citing CFS-Related Sec. Fraud Litig., 179 F. Supp.2d 1260, 1263-64 (N.D. Okla. 2001)).

Even so, plaintiff and Celera engaged in discovery between themselves for over a year. And, even Celera agrees that there are categories of discovery plaintiff may conduct now without violating the PSLRA stay. Accordingly, this court concludes that the best balance will be struck by adopting Celera's proposed compromise, namely: (1) plaintiff may propound non-party discovery that does not require PwC's participation; and (2) Celera will continue to provide documentary discovery as long as that discovery (i) does not require PwC's active participation and (ii) would not subject Celera to duplicate its discovery efforts if PwC's motion to dismiss is denied.

SO ORDERED.

Dated:   February 25, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:10-cv-02604-EJD Notice has been electronically mailed to:

Aelish Marie Baig    AelishB@rgrdlaw.com, e_file_sf@rgrdlaw.com

Darren Jay Robbins    e_file_sd@rgrdlaw.com

David Conrad Walton    davew@rgrdlaw.com

Geoffrey M. Ezgar    gezgar@kslaw.com

James J. Capra , Jr    jcapra@kslaw.com, jcmccullough@kslaw.com, zjobe@kslaw.com

Jennifer Sarnelli    jsarnelli@gardylaw.com

Mark C. Gardy    mgardy@gardylaw.com

Mikael A. Abye    mabye@shearman.com, ron.cheatham@shearman.com, wendy.asbel@shearman.com

Robert Vincent Prongay    rprongay@glancylaw.com, mmgoldberg@glancylaw.com

Ryan Anthony Llorens    ryanl@rgrdlaw.com, jaya@rgrdlaw.com

Sara Ann Ricciardi    sara.ricciardi@shearman.com

Satyam N. Bee    sbee@kslaw.com

Shawn A. Williams    shawnw@rgrdlaw.com, e_file_sd@rgrdlaw.com, e_file_sf@rgrdlaw.com

Stephen D. Hibbard    shibbard@shearman.com, rcheatham@shearman.com

Sunny September Sarkis    Ssarkis@rgrdlaw.com, tcraig@rgrdlaw.com

Timothy Tully Scott    tscott@kslaw.com, jsouza@kslaw.com, rpada@kslaw.com, zjobe@kslaw.com

Tricia Lynn McCormick    triciam@rgrdlaw.com, e_file_sd@rgrdlaw.com, e_file_sf@rgrdlaw.com

Willow E. Radcliffe    willowr@rgrdlaw.com, e_file_sd@rgrdlaw.com, e_file_sf@rgrdlaw.com, khuang@rgrdlaw.com, ptiffith@rgrdlaw.com, ryanl@rgrdlaw.com

brian howard polovoy    bpolovoy@shearman.com