UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| In re CELERA CORP. SEC. LITIG. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:10-CV-02604-EJD<br><br>**ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**[Re: Docket No. 113]** |
| This Document Relates To:<br><br>ALL ACTIONS | | |

Presently before the Court in this securities class action is Washtenaw County Employees' Retirement System's ("Washtenaw County" or "Plaintiff") Motion for Class Certification. See Docket Item No. 113. Plaintiff requests that the Court certify the proposed class, appoint Plaintiff as class representative, and appoint Robbins Geller Rudman & Dowd LLP as class counsel. Pursuant to Civil L.R. 7-1(b), the motion was taken under submission without oral argument. Having fully reviewed the parties' papers, the Court will GRANT Defendant's motion for the reasons stated below.

**I. BACKGROUND**

Celera Corporation ("Celera" or "Defendants") is a publicly-traded healthcare business headquartered in Alameda, California that delivers personalized disease management products and services. The named Plaintiff, Washtenaw County, purchased Celera common stock and seeks to

1

represent a class of persons or entities who purchased or otherwise acquired Celera common stock from April 24, 2008 through July 22, 2009 (the "Class Period") and who were damaged thereby.

This case involves Plaintiff's allegations that Celera allegedly issued false and misleading financial reports which concealed that significant portion of Celera's lab services subsidiary, Berkeley Heart Lab, Inc.'s ("BHL") accounts receivable was uncollectable. Plaintiff's claims arise under the Securities Exchange Act of 1934 ("Exchange Act"). Plaintiff alleges that the false statements at issue in this case revolve around two material facts concerning Celera's bad debt, which were known to defendants, but concealed from investors: (1) Celera was not getting paid by BHL's "most significant" payor, Blue Cross/Blue Shield ("Blue Cross"), rather, Blue Cross was remitting payment to individuals, putting the onus on Celera to collect; and (2) insurance carriers had denied reimbursement for certain of BHL's lab tests. Defendants' failure to accurately account for the BHL collection problems - which impacted tens of millions of dollars - resulted in the material overstatement of Celera's net revenue and earnings beginning with the financial period ending March 31, 2008. Defendants deliberately concealed the bad debt, forcing Celera to belatedly record a massive $20.1 million bad debt charge at the end of the Class Period. A more detailed statement of facts may be found in this Court's previous order denying Defendants' motion to dismiss Plaintiff's second amended consolidated complaint. See Docket Item No. 65.

In June 2010, Plaintiff filed a complaint alleging that Celera had: (1) improperly accounted for BHL's bad debt, (2) failed to undertake any meaningful collection efforts for lab services provided to patients insured by Blue Cross, and (3) improperly booked revenue on tests that carriers had already denied for reimbursement. See Docket Item No. 1. After several amendments to the pleadings, Plaintiff filed this Motion for Class Certification. Dkt. No. 113. Defendants filed a statement of non-opposition to Plaintiff's Motion. See Docket Item No. 131.

## II. LEGAL STANDARD

A party seeking class certification must provide facts sufficient to satisfy the requirements of Federal Rule of Civil Procedure 23. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308-09 (9th Cir. 1977). Under Rule 23(a), a class may only be certified if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

2

common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

In addition, the party seeking certification must show that the action falls within one of the three subsections of Rule 23(b). In this case, Plaintiff seeks certification pursuant to 23(b)(3), which permits certification of cases where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs bear the burden of demonstrating that they have met the four requirements of Rule 23(a) as well as the predominance and superiority requirements of Rule 23(b)(3). See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001).

A trial court has broad discretion in making the decision to grant or deny a motion for class certification. Bateman v. American Multi-Cinema, Inc., 623 F.3d 708, 712 (9th Cir. 2010). A party seeking class certification must affirmatively demonstrate compliance with Rule 23 and be prepared to prove that the requirements of Rule 23 are met. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550–51 (2011). This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." Id.

### III. DISCUSSION

Plaintiff moves to certify the following class:

> All persons or entities who purchased or otherwise acquired Celera common stock from April 24, 2008 through July 22, 2009 (the "Class Period") and who were damaged thereby.[1]

Dkt. No. 113. Plaintiff asserts that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). Defendants do not oppose class certification.

---

[1] Excluded from the Class are defendants and their family members, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

**A. Rule 23(a) Requirements**

    **1. Numerosity**

Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40,' the numerosity requirement is satisfied." Miletak v. Allstate Ins. Co., No. C-06-3778, 2010 WL 809579, at * 10 (N.D. Cal. Mar. 5, 2010) (citation omitted); see also O'Shea v. Epson America, Inc., No. CV-09-8063, 2011 WL 4352458, at *2 (C.D. Cal. Sept. 19, 2011).

Here, Plaintiff meets the numerosity requirement. During the Class Period, Celera had more than 81.2 million shares of common stock outstanding. There were 4,630 holders of record of common stock on August 29, 2008. In addition, more than 254 institutional investors owned Celera shares during the class period.

    **2. Commonality**

To prevail under Rule 23(a)(2)'s commonality standard, the plaintiff must establish common questions of law and fact among class members. This requirement is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution[.]" Dukes, 131 S. Ct. at 2551. As the Supreme Court explained in Dukes, the key consideration in assessing commonality is "not the raising of common questions—even in droves—but, rather, the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Id. (internal citations and quotation omitted).

Plaintiff describes a common course of conduct that affected all purported class members equally. In pursuing its claim for violation of the Exchange Act, Plaintiff will necessarily raise virtually all the questions of law or fact that would be addressed by other putative class members pursuing similar claims, including: (1) whether defendants, acting with scienter, misrepresented facts or failed to disclose facts necessary to make the statements not misleading; (2) whether such misrepresentations and omissions were material; and (3) whether, and to what extent, such misrepresentations and omissions caused loss to investors during the Class Period. The Court therefore holds that the commonality requirement is met.

### 3. Typicality

Under Rule 23(a)(3)'s "permissive standards" for the typicality requirement, claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Plaintiff's claims are sufficiently typical to satisfy this requirement, as all class members' claims arise out of the same set of misrepresentations or omissions made by Celera. Because Plaintiff's claims are based upon the same course of events as the claims of all class members, and all claims are based on the same theories and will be proven by the same evidence, the typicality requirement is met here.

### 4. Adequacy

Under Rule 23(a)(4)'s adequacy requirement, plaintiffs must establish that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether a proposed class representative will fairly and adequately protect the interests of the class, the Court asks two questions. First, do the proposed class representatives and their counsel "have any conflicts of interest with other class members"? Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003) (citing Hanlon, 150 F.3d at 1020). Second, will the proposed class representatives and their counsel "prosecute the action vigorously on behalf of the class"? Id.

Plaintiff's claims, as outlined previously, are aligned with the claims of proposed class members. The losses suffered by Plaintiff arose from the same alleged misrepresentations and omissions as those that injured class members generally. Hence, in pursuing evidence to sustain its own claims and damages, Plaintiff will also be pursuing evidence to sustain the class' claims. Further, Plaintiff has stated a willingness and ability to take an active role in pursuing recovery on behalf of the entire class. Moreover, Plaintiff has retained attorneys that have significant securities and fraud experience and are capable of fairly and adequately representing the proposed class.

**B. Rule 23(b)(3) Requirements**

In this case, Plaintiff seeks class certification pursuant to 23(b)(3). Thus, to certify a class action, Plaintiff must also satisfy the predominance and superiority requirements of that rule. The test under Rule 23(b)(3) evaluates whether "adjudication of common issues will help achieve

5

Case No. 5:10-CV-02604-EJD
ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

judicial economy." Aho v. Americredit Financial Services, Inc., No. 10-CV-1373, 2011 WL 5401799, at *9 (S.D. Cal. Nov. 8, 2011) (quoting Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 944 (9th Cir. 2009) (internal citation omitted)). To this end, it requires courts to determine whether "the actual interests of the parties can be served best by settling their differences in a single action." Hanlon, 150 F.3d at 1022 (internal quotations omitted). A plaintiff must show more than the mere existence of a common question of law or fact to satisfy the predominance inquiry under Rule 23(b)(3); he or she must show that the common question of law or fact predominates. Dukes, 131 S. Ct. at 2556. For the reasons explained below, Plaintiff meets this requirement.

### 1. Common Question Predominates

The claims of all class members will be proven by the same evidence because Defendants' alleged misconduct affected all class members in the same manner. The purported need to allocate the class-wide damages award among class members does not cause individual issues to predominate. The Ninth Circuit recently reiterated that the "amount of damages is invariably an individual question and does not defeat class action treatment." Levya v. Medline Indus., 716 F.3d 510, 513-14 (9th Cir. 2013); see also Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 815 (7th Cir. 2012) ("It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)."). Furthermore, because this case involves a security actively traded in an efficient market, there is a presumption that every class member relied on Defendants' alleged misrepresentations and omissions when buying or selling stock. See Basic, Inc. v. Levinson, 485 U.S. 224, 247 (1988); Erica P. John Fund v. Halliburton Co., 131 S. Ct. 2179, 2185 (2011); In re LDK Solar Sec. Litig., 255 F.R.D. 519, 526 (N.D. Cal. 2009).

### 2. Superiority of Class Action

The Court must consider four factors to ensure that superiority is met: (1) the interests of members of the Class individually controlling the prosecution of separate actions; (2) whether other litigation has already commenced; (3) the desirability or undesirability of concentrating claims in one forum; and (4) the difficulties likely to be encountered in management of a class

6

action. Fed. R. Civ. P. 23(b)(3). As discussed above, because of the large number of putative class members and the fact that all claims arise from the same set of alleged misrepresentations or omissions, a class action is superior to individual actions. Further, there are no other related lawsuits and this case has been litigated in this forum since 2010. As such, the superiority requirement has been met.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b) have been met. Plaintiff's motion is GRANTED. The proposed class is certified, Washtenaw County is appointed as class representative, and Robbins Geller Rudman & Dowd LLP is appointed as class counsel.

**IT IS SO ORDERED**

Dated: February 25, 2014


EDWARD J. DAVILA
United States District Judge